UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA D. THUNDATHIL,

    Plaintiff,

v.   Case No. 8:25-cv-1564-MSS-SPF

UNITED STATES OF AMERICA,
BAY CARE HEALTH CARE D/B/A
WINTER HAVEN HOSPITAL,
CITY OF WINTER HAVEN,
POLICE OF WINTER HAVEN,
POLK COUNTY BOARD OF
COUNTY COMMISSIONERS, and
POLK COUNTY SHERIFF GRADY JUDD,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Complaint (Doc. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon due consideration, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice, and her motion be denied without prejudice.

**I.   Background**

Plaintiff attempts to sue Defendants United States of America ("United States"), Bay Care Health Care d/b/a Winter Haven Hospital[1] ("BayCare"), City of Winter Haven ("Winter Haven"), Police of Winter Haven ("Winter Haven Police"), Polk County Board of

---

[1] It appears that Plaintiff is referencing BayCare Healthcare System, a private health system operating in Central Florida, but it is not entirely clear. *See* BAYCARE, *https://baycare.org/* (last visited Oct. 17, 2025).

County Commissioners ("Polk County Commissioners"), and Polk County Sheriff Grady Judd ("Sheriff Judd") for purportedly inferior medical treatment and ostensibly illegal interactions with Winter Haven Police beginning in 2023, including around the time of Plaintiff's suicide attempt in 2024. (Doc. 1).[2]

Plaintiff seeks damages for alleged violations of the First, Fourth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983; the Privacy Act, 5 U.S.C. § 552a; the Veterans Affairs ("VA") Claims Confidentiality Statute, 38 U.S.C. §§ 5701, 7332; the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq.*; the judicial recusal statute, 28 U.S.C. § 455; several criminal statutes including 18 U.S.C. §§ 1519, 1001, 242; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80; the statute that permits remedies for conspiracies to interfere with civil rights, 42 U.S.C. § 1985; Title VII of the Voting Rights Act ("Title VII"), 42 U.S.C. § 2000e; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act 42 U.S.C. § 504; Florida's Baker Act, Fla. Stat. § 394.463[3]; Florida's Health Information Privacy Law, Fla. Stat. § 456.057; and Florida's patient's rights statute, Fla. Stat. § 394.459.[4] (Doc. 1).

---

[2] Plaintiff has filed at least two other cases in this District against the United States, the VA, and the VA Secretary for ADA violations in one instance and the President and VA Secretary for civil rights violations in the other. *Thundathil v. United States of Am, et al.*, No. 8:24-cv-399, at (Doc. 1) (M.D. Fla. Feb. 13, 2024); *Thundathil v. Trump, et al.*, No. 6:18-cv-2231, at (Doc. 1) (M.D. Fla. Dec. 28, 2018). It is unclear how much overlap exists between the instant case and the prior ones because the complaints were deficient in those matters as well. *See Thundathil*, No. 8:24-cv-399, at (Docs. 5, 6); *Thundathil*, No. 6:18-cv-2231, at (Doc. 5).

[3] The Florida Mental Health Act, often referred to as the Baker Act, sets forth the procedures for the involuntary commitment and examination of those afflicted with a mental illness. *See Anderson v. Snyder*, 389 F. Supp. 3d 1082, 1086 (S.D. Fla. 2019) (citing Fla. Stat. § 394.463(1)). For simplicity, the Court refers to this statute as the Baker Act.

[4] The Complaint also cites Fla. Stat. § 456.45, but the Court was unable to locate any such statute. Florida's Mental Competency database (MECOM) is also claimed to have been violated, but it is unclear at this juncture precisely what that means to Plaintiff.

## II.    In Forma Pauperis

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."); *Azar v. Nat'l City Bank,* 382 F. App'x 880, 884 (11th Cir. 2010).

The pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

When considering whether a litigant is indigent under section 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez v. Krisi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307. Rather, an application needs only to show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

In the affidavit in support of her application, Plaintiff attests to a total monthly income of approximately $4500, comprised of disability benefits. (Doc. 2 at 2). Plaintiff reports that Nissan owes her $197 and DVA Travel owes her over $500. (*Id.* at 3). Regarding Plaintiff's monthly liabilities, Plaintiff attests to monthly expenses totaling $3626.27. (*Id.* at 4-5). While

4

Plaintiff is likely not entitled to *in forma pauperis* status, the Court proceeds with its analysis of the Complaint pursuant to section 1915 because it is due to be dismissed.

## II. Pleading Deficiencies

The Complaint constitutes an impermissible shotgun pleading. Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10 further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Complaint embodies these deficiencies. The fifty-four-page pleading is primarily a stream of consciousness narration of Plaintiff's grievances against Defendants and other unnamed parties. (Doc. 1). While the first couple of pages describe the parties and the basis of the Court's jurisdiction and venue, the next fifty-two pages are a rambling account of Plaintiff's experiences with Defendants and other third parties, her opinions of Defendants and certain other groups of people, portions of her medical records and summaries of Plaintiff's health struggles, and copy-and-pasted text from federal and state statutes, constitutional provisions, and cases. (*Id.*).

The Complaint also does not separate into different counts each cause of action or claim for relief. *See Weiland*, 792 F.3d at 1323. For example, while it appears that there is at least an attempt to organize the claims with headings, it does little to help. (Doc. 1). Many of the bolded and underlined headings refer to multiple statutes at once, like "HIPAA Violation of 42 U.S.C. 1320d Basis for Medical Malpractice Conspiracy," but the following paragraphs discuss other laws and facts that lack sufficient context to determine which laws and facts are relevant. (*Id.* at 3). In another example, a heading seems to indicate that the following section concerns religious discrimination, but what follows are claims that certain of the Defendants apparently forced their religion on Plaintiff and several pages about alleged wrongdoing related to her medical records. (*Id.* at 25-30). There does not appear to otherwise be an attempt to organize the pleading much less number the paragraphs.

Finally, the pleading asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of

the defendants the claim is brought against. *Weiland*, 792 F.3d at 1323. For instance, there is a claim for medical malpractice, but it is entirely unclear whether this claim is brought against all Defendants or just BayCare and, if it is meant to target all Defendants, how the other Defendants were responsible.

At base, the Complaint does not plead the alleged facts or causes of action in separately numbered paragraphs and instead scatters the claims and allegations throughout the pleading. Consequently, the Complaint does not constitute the type of "short and plain statement" required and leaves the reader "guess[ing] at precisely what [she is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). Such deficiencies fail to give Defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).

That Plaintiff is proceeding *pro se* does not excuse her failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

### III. Failure to State a Claim

Notwithstanding the above deficiencies, the Complaint fails to state a claim under many of the statutes cited and sues Defendants who are either immune or cannot be found liable. First, the majority of the statutes do not appear to provide a private right of action.

7

The VA Claims Confidentiality Statute, 38 U.S.C. § 5701, requires VA benefits records to remain confidential and privileged and should not be disclosed absent a specific exception. Though section 7332 provides that "a failure to comply with the confidentiality provisions of this statute or any regulation issued pursuant to that statute is subject to criminal sanctions[.]" *Morris v. Nicholson*, 2007 WL 2905346, at *3 (M.D. Tenn. Sept. 26, 2007) (citing 38 U.S.C. § 7332(g)). The threshold matter, however, is that neither section 5710 nor section 7332 creates a private right of action for damages. *See id* (finding that "[n]othing in section 5710 or section 7332 suggests a congressional purpose of providing a private individual with a remedy in the form of an action for damages") (citation omitted); *Tilley v. Weiser*, 2006 WL 1084270, at *3 (E.D. Cal. Apr. 25, 2006) (holding that section 1507 does not establish a cause of action for the wrongful release of medical records).

The same is true for Plaintiff's HIPAA claim concerning the privacy of her health information. *Brown v. Columbus Police Dep't*, 2024 WL 345862, at *3 (11th Cir. July 18, 2024) ("HIPAA contains no express provision creating a private cause of action" because "HIPAA is to be enforced by the Secretary of Health and Human Services, and Congress has not created a private right of action to enforce it.") (citations omitted). Nor does it appear that Plaintiff can assert claims under 28 U.S.C. § 455 because, while this section permits a party to seek a judge's recusal, it does not create a private cause of action. *Makere v. Early*, 2022 WL 20509771, at *4 (N.D. Fla. June 6, 2022) (citing *Owen v. Cole*, 2021 WL 1293087, at *2 (S.D. Ohio Apr. 7, 2021); *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1084 (S.D. Ill. 2006); *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994); *Church of Scientology Int'l v. Kolts*, 846 F. Supp. 873, 881-82 (C.D. Cal. 1994)).

8

The Complaint also attempts to enforce various criminal statutes like, 18 U.S.C. §§ 1519, 1001, and 242, but neither do these create private causes of action. *See Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (affirming the district court's finding that 18 U.S.C. § 1519 does not afford a private cause of action and the dismissal of the case for failure to state a claim); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (per curiam) ("Section 1001 of Title 18 of the U.S. Code is a criminal statute prohibiting knowingly making false or fraudulent statements or concealing information in a matter within federal jurisdiction. . . . It does not provide a civil cause of action.") (citation omitted); *Cuyler v. Scriven*, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011) (finding that section 242 did "not give rise to a private cause of action") (citations omitted). The same is true for Florida's Health Information Privacy Law, Fla. Stat. § 456.057 does not create a private cause of action. *See Harrod v. Express Scripts, Inc.*, 2017 WL 11615769, at *3-4 (M.D. Fla. Nov. 27, 2017) (finding that Fla. Stat. § 456.057 did not create a private cause of action) (citations omitted). Accordingly, Plaintiff fails to state a claim under the above discussed statutes.

Second, the Complaint seemingly fails to state a claim against all Defendants under section 1983. Section 1983 "affords a 'civil remedy' for deprivations of federally protected rights caused by persons acting under color of state law." *Pollitz v. Halifax Health*, 2015 WL 4987732, at *4 (M.D. Fla. Aug. 19, 2015) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *abrogated on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986)). "To state a claim under Section 1983, a plaintiff must allege facts showing that a person, under color of state law, deprived her of a right protected under the Constitution or laws of the United States." *Rodriguez v. City of Miami, Fla.*, 907 F. Supp. 2d 1327, 1330 (S.D. Fla. 2012) (citation omitted) (emphasis added). However, as the Eleventh Circuit has explained:

9

> The Eleventh Amendment bars damages suits against a state in federal court absent a waiver of immunity by the state or a valid congressional override. Congress has not abrogated the states' sovereign immunity for purposes of section 1983 suits for damages, and Florida has not waived its immunity with regard to such suits. The Eleventh Amendment bar also applies to damages actions brought against state officials in their official capacities because a judgment against the official in such a suit imposes liability on the entity that he represents and is effectively a suit against the state itself.

*Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (citing *Kentucky v. Graham,* 473 U.S. 159 (1985); *Gamble v. Fla. Dep't of Health & Rehab. Servs.,* 779 F.2d 1509, 1512, 1520 (11th Cir. 1986)). More specifically on the latter point, "[q]ualified immunity shields public officials from liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." *See Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019) (quoting *Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016)). "To overcome qualified immunity, a plaintiff must 'plead[ ] facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

Finally, while section 1983 applies only to state actors, *Bivens* grants victims of a constitutional violation by a federal official the right to relief against that official in federal court. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (citations omitted).

Here, Defendants Winter Haven, Winter Haven Police, and Polk County Commissioners, are immune from Plaintiff's 1983 claims because Plaintiff seeks only damages. *See Wusiya*, 614 F. App'x at 393 (citations omitted). And Sheriff Judd, in his individual capacity, may be entitled to qualified immunity from suit. *Echols*, 913 F.3d at 1319 (citation omitted). Likewise, section 1983 does not apply to federal actors like the Unites

10

States, and "a plaintiff may not bring a *Bivens* action against a federal agency[.]" *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (citing *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994)). Because Plaintiff names no individual federal officers, she fails to state a *Bivens* claim. *See Malesko,* 534 U.S. at 71 (stating that *Bivens* is "solely concerned with deterring the unconstitutional acts of individual officers").

BayCare is also unlikely to be able to be liable under section 1983 because it is not a state actor. *See Pollitz*, 2015 WL 4987732, at *4 (citation omitted); *see also Guardino v. Halifax Health*, 2019 WL 469122, at *3 (M.D. Fla. Jan. 10, 2019) *report and recommendation adopted*, 2019 WL 462811 (M.D. Fla. Feb. 6, 2019) (An "action in accordance with a state's involuntary commitment laws is not enough to transform an entity into a 'state actor' for purposes of a section 1983 claim."). More generally, to the extent the Complaint relies upon section 1983 to enforce a violation of the Baker Act against Defendants, this is also ineffective. A plaintiff "may not maintain a section 1983 claim based on a violation of Florida's Baker Act, as the Baker Act is not a federal constitution or law of the United States." *Constantino v. Madden*, 2003 WL 22025477 *4 (M.D. Fla. Apr.1, 2003) (citing *Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002)). As such, the Complaint fails to state a section 1983 or *Bivens* claim.

Finally, the pleading does not support a Privacy Act claim against Winter Haven, Winter Haven Police, Polk County Commissioners, Sheriff Judd, and BayCare because these are not part of the federal government. "In certain circumstances, the Privacy Act allows an individual to bring a civil action against a government agency if that agency refuses to correct inaccurate information in its records. However, this private right of action only applies to

federal agencies." *Hankerson v. United States*, 594 F. App'x 608, 609 (11th Cir. 2015) (citing 5 U.S.C. § 552a(g)(1); *Schwier v. Cox* 340 F.3d 1284, 1287 (11th Cir.2003)).  The definition of "agency" does not include state entities or private parties.  *See* 5 U.S.C. § 551(1); *Lee v. Monroe Cnty. Detention Ctr.*, 2020 WL 6264704, at *4 (S.D. Fla. Oct. 13, 2020) ("Because the Privacy Act does not authorize a cause of action against a state agency or state actor, Plaintiff's claim, to the extent made under § 552a(b) should be dismissed."); *Rabalais v. Ware*, 2018 WL 722832, at *3 (M.D. Fla. Jan. 19, 2018) (finding individual defendants could not be held liable under the Privacy Act because it only applies to the federal government).[5]

In light of the foregoing, the undersigned recommends that Plaintiff's Application to Proceed *in forma pauperis* (Doc. 2) be denied without prejudice and her Complaint (Doc. 1) be dismissed without prejudice.  It is further recommended that Plaintiff be allowed to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

Accordingly, it is **RECOMMENDED:**

1.      Plaintiff's Application to Proceed *in forma pauperis* (Doc. 2) be denied without prejudice.

2.      Plaintiff's Complaint (Doc. 1) be dismissed without prejudice and with leave to amend.

---

[5] There are a handful of other statutes and common law causes of action, like the FTCA, Title VII, the ADA, the Rehabilitation Act, negligence, and medical malpractice, that are also cited in the Complaint.  However, the pleading issues leave the Court unable to reach any substantive findings on whether a claim has been stated under these causes of action.  *See GJR Investments*, 132 F.3d at 1369 (A court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action.").

3. Plaintiff be allowed to file an amended complaint that sets forth factual allegations establishing a claim for relief and to file a renewed request to proceed *in forma pauperis*.[6]

4. Plaintiff be advised that failure to file an amended complaint may result in dismissal of this case with prejudice and without further notice.

IT IS SO REPORTED in Tampa, Florida, on October 21, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

---

[6] Plaintiff is encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.